**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESSE LEE ANDERSON, | |
| Appellant | No. 1241 WDA 2015 |

Appeal from the PCRA Order July 13, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000670-2005

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED MARCH 7, 2016**

Appellant, Jesse Lee Anderson, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel has filed a petition seeking to withdraw.  We grant counsel's motion to withdraw and affirm the order of the PCRA court.

Appellant pled guilty to one count of robbery.  At the guilty plea proceeding, the trial court summarized the factual predicate for the robbery, as follows:

> Factually, it's alleged that you did on or about April 24, 2005 enter the residence of Melvin and June Drake at . . . Saegertown, Crawford County, and that once inside, you pulled a

---

[*]  Former Justice specially assigned to the Superior Court.

BB pistol from your person and demanded that the victim give you her prescription medication. And you told June Drake to retrieve the medication or you would shoot Melvin Drake while holding the pistol at Melvin Drake.

N.T. (Plea Colloquy), 10/30/06, at 11–12.

The PCRA court summarized the ensuing procedural history as follows:

The Defendant entered a [negotiated] plea of guilty to one count of robbery, 18 [Pa.C.S.] § 3701(a)([1])(ii), on October 30, 2006.[1] He was sentenced on December 4, 2006 to imprisonment in a state correctional institution for a term of five to fifteen years, with 579 days of presentence incarceration credit. His minimum term of five years was mandatory under Section 9712 of the Sentencing Code because the robbery was committed with a visible firearm. 42 Pa.C.S. § 9712. He did not file a post-sentence motion, or a direct appeal, and was released on parole on August 16, 2010.[1]

> [1] Additional counts of burglary, terroristic threats, theft by unlawful taking or disposition, theft by receiving stolen property, and criminal conspiracy were all nol prossed.

> [2] The Defendant was also sentenced to pay a fine of $300.00, costs of prosecution, and restitution in the amount of $56.00. He received concurrent sentences of imprisonment at Case No. CR 292-2006.

His *pro se* "Motion for Post Conviction Collateral Relief" was filed on February 11, 2015, and by our Order of February 18, 2015, counsel was appointed to represent him. His counseled, amended PCRA petition was timely filed on April 17, 2015, but

_____

[1] The PCRA court advised that Appellant was incarcerated when he filed his PCRA petition on February 11, 2015, but he currently is on parole. PCRA Court Opinion, 9/1/15, at 2 n.3, 4. **See** 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief . . ., the petitioner must plead and prove by a preponderance of the evidence . . . that the petitioner . . . is at the time relief is granted . . . currently serving a sentence of . . . parole . . . .").

the [c]ourt was unaware of its filing until recently reviewing the docket.

PCRA Court Opinion, 9/1/15, at 1.

The amended PCRA petition asserted that Appellant's mandatory minimum sentence is illegal, and Appellant is entitled to be resentenced. Amended PCRA Petition, 4/17/15, at unnumbered 1–2. The PCRA court issued a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907 on June 11, 2015. The trial court ultimately issued a final order denying the petition on July 13, 2015. Appellant filed a notice of appeal to this Court on August 10, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellate counsel filed a petition to withdraw as counsel and a *Turner*/*Finley*[2] no-merit letter that is styled as an *Anders*[3] brief. Prior to addressing Appellant's claims on appeal, we must address counsel's petition to withdraw as counsel. When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter;
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] *Anders v. California*, 386 U.S. 738 (1967).

and extent of counsel's review of the merits of each of those claims;

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless;

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) The court must agree with counsel that the petition is meritless.

*Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted) (citing *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006)); *see also Commonwealth v. Doty*, 48 A.3d 451 (Pa. Super. 2012) (listing conditions to be met by counsel in seeking to withdraw in collateral appeal.).

Here, counsel described the extent of his review, evaluated the potential issues, and concluded that the appeal is frivolous. Counsel has also listed an issue relevant to this appeal and explained why, in his opinion, the issue is without merit. In addition, counsel has included a letter sent to Appellant containing a copy of his motion to withdraw and a statement advising Appellant of his right to proceed *pro se* or through privately-retained counsel. Thus, we conclude that counsel has substantially complied

- 4 -

with the requirements necessary to withdraw as counsel. *See* *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). We now independently review Appellant's claim to ascertain whether it entitles him to relief.[4]

Counsel identifies the following issue in the *Turner*/*Finley* brief:

Should the Appellant be entitled to relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., because the [PCRA] court erred in dismissing the PCRA petition as not timely filed[?]

*Turner*/*Finley* Brief at 4 (full capitalization omitted).

Appellant asserted to the PCRA court and maintains here that his mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712 is illegal because section 9712 is unconstitutional, citing *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), and assumably, its reliance on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence

_____

[4] We note that Appellant has not filed either a *pro se* brief or retained alternate counsel for this appeal.

- 5 -

of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)).

Appellant's issue is not waived because challenges to the legality of a sentence cannot be waived. *Commonwealth v. Miller*, 102 A.3d 988, 996 (Pa. Super. 2014) (challenge to legality of sentence is "not technically waivable"). However, the issue is untimely because Appellant raised it for the first time more than one year after his judgment of sentence became final, and he has not asserted and proved one of the PCRA's enumerated exceptions. As a result, we lack jurisdiction to review it. 42 Pa.C.S. § 9545(b).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not

ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our review of the record reflects that Appellant's judgment of sentence became final on January 3, 2007, thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, a timely PCRA petition had to have been filed by January 3, 2008. Appellant did not file the instant PCRA petition until February 11, 2015. Thus, Appellant's PCRA petition underlying the instant appeal is untimely by more than seven years.

The PCRA court dismissed the petition as untimely. Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[5] A petition invoking one of these exceptions must be filed within sixty

_____

[5] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

*(Footnote Continued Next Page)*

days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).

In his amended PCRA petition, Appellant invoked the third exception, the "newly recognized constitutional right" exception. Amended PCRA Petition, 4/17/15, at ¶ 4. *Alleyne* was decided on June 17, 2013. *Valentine* was decided on October 3, 2014. Appellant filed his PCRA petition on February 11, 2015, well over sixty days after the date the claim could have been presented. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Furthermore, this Court has held that, since *Alleyne* has not been held to be retroactive by either our Supreme Court or the United States

_____
*(Footnote Continued)*

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Supreme Court, it does not fall within the newly recognized constitutional right exception to 42 Pa.C.S. § 9545(b)(iii). **Miller**, 102 A.3d at 995. Accordingly, the PCRA court properly dismissed Appellant's PCRA petition as untimely.

Moreover, having conducted an independent review of the record in light of the PCRA petition and the issue set forth therein, as well as the contents of counsel's motion to withdraw and brief, we agree that the PCRA petition is meritless and permit counsel to withdraw.

Motion to withdraw granted. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/7/2016